UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
Sean B. Butler,                          )
                                         )
         Plaintiff,                      )
                                         )
         v.                              )   Civil Action No. 08 1258
                                         )
The Attorney General of the United States,)
                                         )
         Defendant.                      )
```

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a prisoner at the Federal Medical Center in Rochester, Minnesota. He alleges that the United States Attorney General "acted negligently by terminating [him] from the Federal Witness Security Program . . . and subjecting him to cruel and unusual punishment." Compl. at 1. He seeks $200,000 in monetary damages and reinstatement into the witness protection program. *Id.* at 3.

Plaintiff's damages claim is considered to be against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. An FTCA claim is maintainable only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

The Court lacks jurisdiction to consider plaintiff's damages claim because he has not indicated that he exhausted his administrative remedies. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). The Court lacks jurisdiction over the claim for injunctive relief seeking plaintiff's return to the witness protection program because "[t]he decision of the Attorney General to terminate [witness] protection shall not be subject to judicial review." 18 U.S.C. § 3521; *see U.S. v. Gigante*, 187 F.3d 261, 262 (2d. Cir. 1999) (district court lacked jurisdiction to consider request to be returned to the witness protection program). Accordingly, the complaint will be dismissed by separate Order issued contemporaneously.

/s/ Royce C. Lamberth
United States District Judge

Date: July __11__, 2008